IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **2014 GS HOLDINGS OPERATING, LLC** and **2014 GS HOLDINGS, LLC**  §§§§§ **Plaintiff,** §  vs. §§§ **ESSEX INSURANCE COMPANY,** §§ **Defendant.** § | Civil Action No. 6:15-cv-00247-WSS |

### DEFENDANT ESSEX INSURANCE COMPANY'S
### MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Essex Insurance Company ("Essex") files its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and shows the Court the following:

### I.
### SUMMARY OF MOTION TO DISMISS

Plaintiffs 2014 GS Holdings Operating, LLC ("Operating") and 2014 GS Holdings, LLC ("Holdings") filed this case on August 27, 2015 as a "civil action for damages and declaratory judgment."[1] The issue presented by Plaintiffs' Complaint is whether there is insurance coverage for two losses that occurred during the effective date of the Commercial General Liability Policy No. 14EGLMS80154 ("Policy"), and the Excess Liability Policy No. 14EFXMS80646 ("Excess Policy") issued by Essex to Plaintiffs.[2] As shown by the endorsement, terms and conditions of the Policy,[3] Plaintiffs failed to give timely notice of the claim under the laws of New York, the controlling choice of law provision in the policies. As a result, there is no coverage for the two losses and Plaintiffs have failed to state a viable claim.

---

[1] Complaint, p. 1, ¶ 1.
[2] *Id.* at pp. 2-3, ¶¶ 9-16.
[3] Commercial General Liability Policy No. 14EGLMS80154 is attached as Exhibit 1 to the Affidavit attached as Appendix 1. Excess Liability Policy No. 14EFXMS80646 is attached as Exhibit 2.

## II.
## UNDISPUTED FACTS ALLEGED IN THE COMPLAINT

Essex issued the Policy and Excess Policy to Plaintiffs with an effective date of August 7, 2014 to August 7, 2015.[4]  The Policy and Excess Policy[5] included an endorsement entitled "Sudden, Accidental and Abrupt Pollution Coverage-Oil and Gas Industry –Exception for Lease Operators" ("Endorsement").[6]  The Policy and Excess Policy covered Plaintiffs' interest in the "Bender" Oil Lease during the effective period.[7]  Plaintiffs reported two separate losses to Essex with its report dated May 9, 2015 ("Incident Report Form").[8]  The first loss occurred on January 28-29, 2015,[9] and the second on April 3, 2015.[10]  Essex responded to Plaintiffs' report dated May 9, 2015 with its letter of June 8, 2015 stating the notice of loss was untimely and coverage was denied (Denial of Coverage").[11]

## III.
## POLICY, EXCESS POLICY, ENDORSEMNET, REPORT OF LOSS, AND DENIAL OF COVERAGE ARE ATTACHED AS APPENDICIES 1, 2, 3 AND 4

The Policy and Excess Policy referenced in the Complaint are filed in support hereof under Appendix 1, Exhibits 1 and 2.  The Policy and Excess Policy are governed by New York law pursuant to the Choice of Law provision.[12]  The Endorsement referenced in the Complaint is filed in support hereof under Appendix 1, Exhibit 3.  As stated therein, the insured (Plaintiffs)

---

[4] Complaint, p. 2, ¶ 9.
[5] As stated in the Excess Policy, "the coverage provided by this insurance shall follow the insuring agreements, warranties, limitations, definitions, conditions and exclusions of the 'underlying insurance' including all endorsements made a part of the 'underlying insurance', as shown in the 'schedule' attached.  In no event shall this policy grant broader coverage than would be provided by any 'underlying insurance.'" Environmental Follow Form Excess Liability Coverage Form, p. 1, Section I, INSURING AGREEMENT found on p. 15 of Exhibit 2.  The Excess Policy further states on page 15 under Section II-EXCLUSIONS, "This insurance does not apply to: B. Liability that is excluded or otherwise not covered by any one or more of the 'underlying insurance' policies."
[6] *Id.*
[7] *Id.* at ¶ 11.
[8] *Id.* at ¶ 12.
[9] *Id.* at ¶ 13.
[10] *Id.* at pp. 2-3, ¶ 14.
[11] *Id.* at p. 3, ¶ 16.
[12] Appendix 1, Exhibit 1, p. 9, General Terms and Conditions Section, ¶ I.A.4., and Exhibit 2, p. 21, ¶ IV.D.

has 7 days after commencement to discover "the discharge, dispersal, seepage, migration, release or escape of 'pollutants.'"[13]  The Endorsement also states that Plaintiffs have 30 days to report "the commencement of the discharge, dispersal, seepage, migration, release or escape of 'pollutants'" to Essex in writing.[14]  The Incident Report Form referenced in the Complaint is filed in support hereof under Appendix 1, Exhibit 4.  As stated therein, Holdings reported a loss that occurred on January 28, 2015 and a loss that occurred on April 3, 2015.[15]  The Denial of Coverage referenced in the Complaint is filed in support hereof under Appendix 1, Exhibit 5.  As stated therein, Essex received the Incident Report Form dated May 9, 2011 on May 11, 2015 from Plaintiffs' counsel.[16]

**IV.**
**ARGUMENTS & AUTHORITIES**

A.       **Federal Rule of Civil Procedure 12(b)(6).**

Generally, "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  However, the district court may also consider "documents referred to in the plaintiff's complaint and are central to the plaintiff's claim," when attached to the motion to dismiss. *Scanlan v. Texas A&M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003) (citations omitted).  In order for the Plaintiffs to "survive dismissal pursuant to Rule 12(b)(6)," they "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Doe v. Covington County School District*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Bell A. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[13] Appendix 1, Exhibit 3, second block of information under Schedule.
[14] Appendix 1, Exhibit 3, third block of information under Schedule.
[15] Appendix 1, Exhibit 4, p. 1, Section IV.3.
[16] Appendix 1, Exhibit 5, p. 1.

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955)). And, whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

B.   **Notice is Condition Precedent in Insurance Contracts Under New York Law**

As stated above, the Policy and Excess Policy are governed by the laws of New York.[17] "[U]nder New York law, compliance with notice provisions of an insurance contract is a condition precedent to all of the insurer's duties and liability under the policy." *Gelfman v. Capital Indemnity Corporation*, 39 F.Supp.3d 255, 268 (E.D.N.Y. 2014) (citations omitted). "The insured's failure to satisfy the notice requirement constitutes 'a failure to comply with a condition precedent which as a matter of law, vitiates the contract.'" *Great Canal Realty Corp. v. Seneca Ins. Co.,* 5 N.Y.3d 742, 743, 833 N.E.2d 1196, 800 N.Y.2d 521 (2005)(quoting *Argo Corp. v. Greater N.Y. Mutual Ins. Co.,* 4 N.Y.3d 332, 339, 827 N.E.2d 762, 794 N.Y.2d 704 (2005)). In this instance, the Incident Report Form[18] dated May 9, 2015 reporting the loss on January 28, 2015 is conclusive evidence of Plaintiffs failure to provide the required notice under the Endorsement,[19] which gives 30 days to report "the commencement of the discharge, dispersal, seepage, migration, release or escape of 'pollutants'" to Essex in writing.[20] Likewise, the Incident Report Form reporting the loss of April 3, 2015 is conclusive evidence of Plaintiffs' failure to provide the required Notice under the Endorsement.[21] Accordingly, under New York law, Plaintiffs failed to comply with the condition precedent to all of Essex's duties and

---

[17] Appendix 1, Exhibit 1, p. 9, General Terms and Conditions Section, ¶ I.A.4.
[18] Appendix 1, Exhibit 4.
[19] Appendix 1. Exhibit 3.
[20] Appendix 1, Exhibit 3, third block of information under Schedule.
[21] *Id.*

liabilities under the Policy and Excess Policy. Based thereon, Plaintiffs' Complaint should be dismissed, with prejudice.

## V. REQUEST FOR ORAL HEARING

Essex requests oral hearing pursuant to Local Rule CV-7(h).

WHEREFORE PREMISES CONSIDERED, Defendant Essex Insurance Company requests that the Court grant its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and such other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: */s/ Mark W. Thayer*
Mark W. Thayer
Texas State Bar No. 19826050
mthayer@gordonrees.com
1900 West Loop South, Suite 1000
Houston, TX 77027
(713) 961-3366 – Telephone
(713) 961-3938 - Facsimile
ATTORNEYS FOR DEFENDANT
ESSEX INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 2nd day of October 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.

*/s/ Mark W. Thayer*
MARK W. THAYER