

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| 2014 GS HOLDINGS OPERATING, LLC, and 2014 HOLDINGS, LLC, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. W-15-CV-247 |
| ESSEX INSURANCE COMPANY, Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

This declaratory judgment action arises out of an insurance contract issued by Defendant. Plaintiffs assert Defendant has breached the contract by denying coverage. Defendant previously filed a Motion to Dismiss based upon his assertion that proper notice had not been given by Plaintiffs pursuant to the terms of the contract. The Court denied Defendant's motion, finding that proper notice had been given. Defendant now moves for summary judgment as to Plaintiffs' claims, asserting that the insurance contract does not cover the incident in question. Having reviewed Defendant's motion, Plaintiffs' response, and the summary judgment proof presented, the Court is persuaded the motion lacks merit and should be denied.

## I. BACKGROUND

The underlying facts are not in dispute. Plaintiff 2014 GS Holdings, LLC ("Holdings") owned an oil lease on certain real property known as the "Bender" Oil Lease located in Milam County, Texas. Plaintiff 2014 GS Holdings Operating, LLC

("Operating" and collectively "Plaintiffs") was the operator of the Bender Oil Lease. Defendant Essex Insurance Company ("Essex") issued a Commercial General Liability (the "CGL") policy to plaintiffs with an Excess Liability Policy. The CGL excludes coverage for discharge of pollutants, including crude oil and salt water. However, Essex issued an endorsement related to the policy entitled "Sudden, Accidental and Abrupt Pollution Coverage – Oil and Gas Industry – Exception For Lease Operators" (the "Endorsement"), which covered the discharge of pollutants in certain circumstances. Plaintiffs made all payments due under the insurance policy and fulfilled all obligations under the policy.

On two separate dates, a discharge of crude oil and/or salt water occurred on the Bender Oil Lease property. Plaintiffs assert that the incidents were the result of vandalism and timely reported the occurrences to Essex. As previously noted, Essex denied coverage because insufficient notice was given by Plaintiffs and because the incidents were not covered under the policy.

In July 2015, Dr. Vernon Bender ("Bender") filed suit against Plaintiffs in the 20th Judicial District Court, Milam County, Texas. *See Dr. Vernon Bender v. 2014 GS Holdings, LLC v. 2014 GS Holdings Operating, LLC*, Cause No. CV37,014. Bender is the owner of the property subject to the Bender Oil Lease. The basis of the suit is the damages to the land which occurred as a result of the release of crude oil and/or salt water.

Plaintiffs' suit seeks a declaration that Defendant has violated the insurance contract by failing to defend and/or indemnify Plaintiffs as a result of the Bender lawsuit. Defendant moves for summary judgment asserting that the contract does not cover the damage to the Bender Oil Lease property.

## II. SUMMARY JUDGMENT

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A disputed material fact is genuine if the evidence is such that a jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The initial burden to demonstrate the absence of a genuine issue concerning any material fact is on the moving party. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). This burden can be satisfied by pointing out to the district court that there is an absence of evidence to support an essential element of the non-moving party's case. *Id.* Upon such a showing, the burden shifts to the non-moving party to establish that there is a genuine issue. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

## III. DISCUSSION

Defendant contends that the insurance contract does not cover the incident described by Plaintiffs. Defendant mistakenly argues that the Court previously determined that the Endorsement to the insurance contract did not apply. However, the Court's ruling was merely that the Endorsement did not apply to the issue of notice. There was no finding regarding the issue of coverage. (In any event, further analysis indicates that New York law prohibits insurers from denying claims on the ground of late notice in the absence of prejudice. See N.Y. Insur. Law § 3420(a)(5); see An Act to Amend the Civil Practice Law and Rules and the Insurance Law, in Relation to Liability Insurance Policies § 8, 2008 N.Y. Sess. Laws 388 (McKinney 2008). For insurance policies issued after 2009, if notice is untimely under the policy, but given within two years of the accident or occurrence, the insurer has the burden of proving that it was prejudiced by the late notice. N.Y. Insur. Law § 3420(c)(2)(A). The insurer must show that the failure to provide timely notice "materially impaired the ability of the insurer to investigate or defend the claim." *Wausau Underwriters Ins. Co. v. Old Republic General Ins. Co.*, 122 F.Supp.3d 44, 55 (S.D. N.Y. 2015) (quoting *Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F.Supp.2d 243, 254 (S.D.N.Y. 2013). Essex has never indicated that it has suffered any type of prejudice from Plaintiffs' allegedly late notice.)

As in Texas, "[u]nder New York law, insurance policies are interpreted according to general rules of contract interpretation." *Olin Corp. v. American Home*

4

*Assur. Co.*, 704 F.3d 89, 98 (2d Cir. 2012) (footnote omitted). The initial interpretation of a contract is a matter of law for the Court to decide. *Int'l Multifoods Corp. v. Commercial Union Ins. Co.*, 309 F.3d 76, 83 (2d Cir. 2002). When interpreting a contract, the "'words and phrases . . . should be given their plain meaning,' and the contract 'should be construed so as to give full meaning and effect to all of its provisions.'" *LaSalle Bank Nat'. Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 206 (2d Cir. 2005) (quoting *Shaw Group, Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 121 (2d Cir. 2003)). The reviewing court should avoid any interpretation that renders any clause "superfluous or meaningless." *Id.*

Included in this initial interpretation is whether the contract terms disputed by the parties are ambiguous or unambiguous. *Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London*, 136 F.3d 82, 86 (2d Cir. 1998). "An ambiguity exists where the terms of a contract could suggest 'more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.'" *Id.* (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 906 (2d Cir. 1997)). "If the court finds that the contract is not ambiguous it should assign the plain and ordinary meaning to each term and interpret the contract without the aid of extrinsic evidence." *Id.* "Ambiguity is absent where the contract's language provides 'a definite and precise meaning, unattended by danger of misconception

in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion.'" *Olin Corp.*, 704 F.3d at 99 (quoting *Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 869 F.2d 1274, 1277 (2d Cir. 1989)). An ambiguity does not exist merely because the parties urge different interpretations. *Id*.

"New York law distinguishes between the duty to indemnify and the duty to defend" when evaluating an insurance contract. *CGS Industries, Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 76-77 (2d Cir. 2013). Under New York law, an insurer's duty to defend its insured is "exceedingly broad," and "an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest a reasonable possibility of coverage'" (*Automobile Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 179, 850 N.E.2d 1152, 818 N.Y.S.2d 176 [2006], quoting *Continental Cas. Co. v. Rapid-American Corp.*, 80 N.Y.2d 640, 648, 593 N.Y.S.2d 966, 609 N.E.2d 506 [1993]). The duty to defend comes from the language of the policy and the allegations of the complaint against the insured (*BP Air Conditioning Corp. v. One Beacon Ins. Group*, 8 N.Y.3d 708, 714, 871 N.E.2d 1128, 840 N.Y.S.2d 302 [2007]). The duty to defend arises if a claim, liberally construed, "is within the embrace of the policy. . . ." (*Automobile Ins. Co. v. Cook*, 7 N.Y.3d at 179-180, 850 N.E.2d 1152, 818 N.Y.S.2d 176, quoting *Ruder & Finn v. Seaboard Sur. Co.*, 52 N.Y.2d 663, 670, 439 N.Y.S.2d 858, 422 N.E.2d 518 [1981]). Once the duty arises, the insurer must defend its insured "no matter how groundless, false or baseless the suit may be" (*Id.*). Any doubt "as to whether the allegations state a claim within the

coverage of the policy must be resolved in favor of the insured and against the carrier." *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 141 (2d Cir. 2014) (internal quotation marks omitted).

The New York courts have defined the duty to defend as a form of "litigation insurance" in addition to liability coverage (*Automobile Ins. Co. v. Cook*, 7 N.Y.3d at 180, 850 N.E.2d 1152, 818 N.Y.S.2d 176). "Thus, an insurer may be required to defend under the contract even though it may not be required to pay once the litigation has run its course" (*Id.*).

> When an insurer seeks to disclaim coverage on the further basis of an exclusion, as it does here, the insurer will be required to "provide a defense unless it can 'demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and further, that the allegations, *in toto*, are subject to no other interpretation'" (*Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153, 159, 581 N.Y.S.2d 142, 589 N.E.2d 365 [1992] [citation omitted]). In addition, exclusions are subject to strict construction and must be read narrowly (*see Seaboard*, 64 N.Y.2d at 311, 486 N.Y.S.2d 873, 476 N.E.2d 272).

(*Id.*).

There clearly is a duty to defend on the part of Essex in this case. Bender's state petition alleges the following:

> 12. In February of 2015 Defendants [sic] [2014 GS Holdings, LLC and 2014 GS Holdings Operating, LLC] operations resulted in the illegal release of approximately 140 barrels of produced crude oil and saltwater on the subject property. The crude Oil and Saltwater contaminated the surface of the subject property.

> 13.  On or about April 3rd, 2015 as Defendants [sic] operations again resulted in the illegal release of a large quantity of produced crude oil and saltwater on the subject property. The crude Oil and Saltwater contaminated the surface of the subject property and the pond Plaintiff used to water his cattle.

Plaintiff's Original Petition, p. 3. These allegations clearly fall within the language of the Endorsement in the policy, which provides "This insurance applies to "bodily injury' or 'property damage' arising out of the actual discharge, dispersal, seepage, migration, release or escape of 'pollutants' caused by or resulting from 'your work' or your operations. . . ." Sudden, Accidental, and Abrupt Pollution Coverage, p. 1. Accordingly, Defendant's motion will be denied as it relates to the duty to defend.

The duty to indemnify is distinctly different than the duty to defend because it is measured by the "actual basis for the insured's liability" rather than "the allegations of [the] pleadings." *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 627-28 (2d Cir. 2001). Although the duty to indemnify is not quite as broad as the duty to defend, the insurer still carries a heavy burden to prove that there is no coverage. "In deciding whether an insurance policy requires an insurer to indemnify an insured's loss, [the court] must first examine whether there is a 'reasonable basis for a difference of opinion as to the meaning of the policy.'" *CGS Industries, Inc.*, 720 F.2d at 77 (quoting *Fed. Ins. Co. v. Int'l Bus. Machs. Corp.*, 18 N.Y.3d 642, 646, 942 N.Y.S.2d 432, 965 N.E.2d 934 (2012)). If there is a difference of opinion, then the "language at issue would be deemed to be ambiguous and thus interpreted in favor

of the insured." *Id.* "'This is because 'New York follows the maxim of *contra proferentem* in insurance cases: where the plain language of a policy permits more than one reasonable reading, a court must adopt the reading upholding coverage.'" *CGS Industries, Inc.*, 720 F.2d at 77 (quoting *VAM Check Cashing Corp. v. Fed. Ins. Co.*, 699 F.3d 727, 729 (2d Cir. 2012)).

In the present case, the language of the insurance contract is not at issue as it applies to Defendant's duty to indemnify. However, there are material fact issues presented as to what caused the discharge of the pollutants on the Bender Oil Lease property. Neither party has produced any summary judgment proof which would establish the underlying facts. There is, therefore, no way for the Court to determine whether Defendant would be liable or not under the policy. The Court will not issue an advisory opinion based upon no facts. Defendant has failed to establish it is entitled to judgment as a matter of law on the issue of indemnity. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

**SIGNED** this ___7th___ day of July, 2016.

_____
WALTER S. SMITH, JR.
United States District Judge